**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GABRIEL GUILLEN-ZAPATA,

Defendant-Appellant.

No. 07-2032

(D. New Mexico)

(D.C. No. CIV-05-1177 WPJ/RLP)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Gabriel Guillen-Zapata, a federal prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's order denying

his 28 U.S.C. § 2255 petition to vacate, modify, or set aside his sentence. In his §

2255 petition, Mr. Guillen-Zapata alleged (1) his indictment was defective, (2)

there was insufficient evidence presented at trial to demonstrate there was a single

conspiracy, rather than multiple conspiracies, and (3) his counsel was ineffective

for (a) failing to object to both the faulty indictment and the insufficient evidence

of a single conspiracy, and (b) for joining his codefendant's motion to suppress.

In this request for a COA, Mr. Guillen-Zapata challenges only the sufficiency of

the indictment and counsel's failure to challenge the indictment. For substantially

the same reasons as the district court, we agree that Mr. Guillen-Zapata is not entitled to a COA, and dismiss this matter.

## I. BACKGROUND

Border patrol agents apprehended Mr. Guillen-Zapata in New Mexico. Mr. Guillen-Zapata is a Mexican citizen who lacks immigration documents. He was driving a vehicle that contained 1,650 pounds of marijuana. The agents also stopped a companion lead truck, driven by Erasmo Ruiz-Soto, that contained 1,600 pounds of marijuana.

After failing in his motion to suppress, Mr. Guillen-Zapata entered a conditional guilty plea in federal district court to (1) conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)(A), (b)(1)(A), and 846; (2) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) being found in the United States after having been deported as an alien convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On direct appeal, this court rejected Mr. Guillen-Zapata's challenge to the district court's denial of his motion to suppress, which alleged that the border patrol agents lacked reasonable suspicion to stop his vehicle. *See United States v. Guillen-Zapata*, 157 Fed. Appx. 75 (10th Cir. 2005). Mr. Guillen-Zapata timely filed his § 2255 motion.

## II. DISCUSSION

In order to obtain a COA, Mr. Guillen-Zapata must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Mr. Guillen-Zapata challenges the sufficiency of the indictment, contending that the first count of the indictment failed to indicate when the alleged conspiracy ended, and as such, failed to put Mr. Guillen-Zapata on notice, in violation of his Fifth and Fourteenth Amendment rights. He also maintains that counsel provided ineffective assistance when he failed to object to the indictment.

Count I of the Superseding Indictment stated:

On or about the 19th day of December 2002, in Doña Ana County, in the State and District of New Mexico and elsewhere, the defendants, GABRIEL GUILLEN-ZAPATA and ERASMO RUIZ-SOTO, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other and with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: Possession with Intent to Distribute 1000 kilograms and more of Marijuana, a Schedule

-3-

I controlled substance, contrary to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).

Rec. doc. 15, at 2 ¶ 4 (Mag. Report and Recommendation, filed Dec. 22, 2006) (quoting Superseding Indictment).

After recognizing the indictment did not set forth an ending date for the conspiracy, the magistrate judge recommended the indictment was sufficient because it set forth the elements of the charged offense, put Mr. Guillen-Zapata on fair notice of the charge against which he had to defend, and enabled him to assert a double jeopardy offense. *See United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) ("An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.").

For substantially the same reasons as those set forth in the district court's order, we conclude that Mr. Guillen-Zapata's challenge to the indictment lacks merit and, thus, his counsel was not ineffective for failing to raise it.

### III. CONCLUSION

Accordingly, we DENY Mr. Guillen-Zapata's request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk

By:
Deputy Clerk

-4-